IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TYRONE McCRAY,

        Petitioner,

v.

                              CIVIL ACTION NO.: CV206-118

JOSE VAZQUEZ, Warden,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tyrone McCray ("McCray"), an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. McCray filed a Traverse, and Respondent filed a Reply. For the reasons which follow, McCray's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

McCray was sentenced in this Court by the Honorable B. Avant Edenfield after McCray was convicted of conspiracy to possess with intent to distribute cocaine base. McCray is currently serving a 42 month sentence based on his violation of supervised release conditions.

In the instant petition, McCray contends that he is ineligible for early release because he previously received early release pursuant to 18 U.S.C. § 3621(e). McCray seeks to have his "CCC release date" kept intact and that he be deemed eligible once again for early release. (Pet., Ex. 1.) Respondent avers that McCray failed to exhaust his

AO 72A
(Rev. 8/82)

administrative remedies on this matter, and, accordingly, this Court lacks jurisdiction to entertain his claims.

## DISCUSSION AND CITATION OF AUTHORITY

Respondent avers that McCray has failed to exhaust his administrative remedies on this matter. Specifically, Respondent contends that McCray has not initiated the administrative grievance process regarding his claim that the Bureau of Prisons has improperly denied his request for a second early release. In fact, Respondent asserts, McCray has not filed an administrative remedy request on any issue since 1998. (Doc. No. 14, p. 5.) Respondent alleges that McCray admits that he has not initiated, much less completed, the administrative remedy process.

McCray asserts that his failure to exhaust administrative remedies is no longer a jurisdictional requirement; therefore, he was not required to exhaust administrative remedies prior to filing his habeas corpus petition. McCray contends that he filed an administrative remedy request at the institutional level and never received a response. McCray contends that he exhausted all available administrative remedies. In the alternative, McCray asserts that exhaustion would be futile and should be excused.

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.A.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative

2

remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." See Gonzalez, 959 F.3d at 212. According to these regulations, an inmate can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

It appears that McCray did not exhaust all available administrative remedies before filing the instant cause of action, which was filed with this Court on May 31, 2006. Contrary to McCray's assertion, the exhaustion of all available administrative remedies is an event which must occur before a habeas petitioner is allowed to seek redress in this Court. See Skinner, 355 F.3d at 1295; see also Winck, 327 F.3d at 1300 n.1. McCray's failure to exhaust all available administrative remedies before he filed the instant cause of action leaves this Court without jurisdiction to entertain his claims for relief. See id.; Gonzalez, 959 F.3d at 212. Even accepting as true McCray's contention that he filed an administrative remedy request at the institutional level and did not receive a response, McCray did not exhaust his available administrative remedies prior to filing the instant cause of action. See 28 C.F.R. § 542.18 (noting that staff shall respond in writing to all filed requests or appeals and that if the inmate does not receive a response within the time

3

allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that McCray's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice, due to his failure to exhaust all available administrative remedies prior to filing his petition.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of November, 2006.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)